

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

RODNEY D. CHARLES

versus

CIVIL ACTION NO. 07-0894
JUDGE TOM STAGG

CITY OF SHREVEPORT

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by the defendant, the City of Shreveport ("the City"). See Record Document 22. For the reasons stated below, the defendant's motion for summary judgment is **GRANTED**.

## I. BACKGROUND

Pro se plaintiff Rodney D. Charles ("Charles") filed an initial complaint on May 29, 2007, alleging that a Shreveport police officer violated his civil rights under 42 U.S.C. § 1983 in connection with a traffic stop and subsequent arrest. See Record Document 1. Charles claims that after being pulled over by a Shreveport police officer for the minor traffic offense of driving left of center, he was threatened at gunpoint before wrongly being arrested. Additionally, Charles alleges

that the officer did not lock Charles's car after arresting him, and that when Charles later returned to the car, it had been vandalized and property had been stolen from it. Charles, therefore, makes a claim for excessive force, false imprisonment, and deprivation of property resulting from this traffic stop and arrest.

The only named defendant in the caption of the complaint was the City. However, in the text of the complaint, Rodney mentions "[t]hat defendant, badge #1026 an employee of the city of Shreveport police department, in the Parish of Caddo where 'MIKE CAMPBELL is operating as chief of Police" [sic]. Record Document 1 at 1. The City filed a motion for more definite statement requesting the court to order Charles to file an amended complaint specifying the defendant(s) against which he was filing suit. See Record Document 8. Charles filed a response in which he named the Shreveport Police Department as an additional defendant. See Record Document 10. In his denial of the City's motion for a more definite statement, Magistrate Judge Mark Hornsby found that the Shreveport Police Department was not a legal entity capable of being sued. See Record Document 11. Citing Parker v. Fort Worth Police Department, Magistrate Judge Hornsby ruled that a pro se plaintiff's claim against a police department should not be dismissed

without giving the plaintiff an opportunity to amend his complaint. See 980 F.2d 1023 (5th Cir. 1993). The magistrate judge clearly stated that the court would interpret the complaint as naming the City as the sole defendant unless Charles filed an amended complaint and set a deadline for Charles to file such an amendment.

The City then filed the instant motion for summary judgment, to which Charles filed a response. See Record Documents 22 and 24. At the same time, Charles filed a motion for leave to amend and add the specific police officer who arrested him as a defendant. See Record Document 25. In his memorandum ruling denying this motion to amend, Magistrate Judge Hornsby noted first, that the deadline for joining additional parties or filing an amended complaint was two months prior to the date the request to amend was filed. See Record Document 29. Second, the City had provided Charles with the name of the officer in question "well in advance of the pleadings deadline." Record Document 29 at 3. Third, because Charles did not give an excuse for the delay in filing his amendment or demonstrate good cause as to why the amendment should be allowed, the magistrate judge denied his motion to amend the complaint. Thus, the City is the sole defendant in this lawsuit.

## II. LAW AND ANALYSIS

### A. Summary Judgment.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004) (citations and quotations omitted). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary

judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005).

**B.     Section 1983 Claims Against Municipalities.**

Local governing bodies, such as the City, "can be sued directly under [section] 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dept. of Soc. Servs. of the City of New York, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035-2036 (1978). Additionally, "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels" are also grounds for municipal liability. Id. at 690-91, 98 S.Ct. at 2036. Therefore, a municipality can be held liable under section 1983 if the plaintiff can show that the constitutional deprivations suffered were a result of official policy or custom of the municipality. See Spiller v. City of Texas City Police Dept., 130 F.3d 162, 167 (5th Cir. 1997); see also Tharling v. City of Port Lavaca, 329 F.3d 422, 427 (5th Cir. 2003).

Additionally, a municipality can be held liable under section 1983 for the actions and/or decisions of a municipal officer with policymaking authority. See Parm v. Shumate, 513 F.3d 135, 142 (5th Cir. 2007). However, "a municipality cannot be held liable *solely* because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under [section] 1983 on a *respondeat superior* theory." Monell, 436 U.S. at 691, 98 S.Ct. at 2036 (emphasis in original).

In this case, Charles has filed suit against the City under section 1983, alleging that his constitutional rights were violated by the excessive force, false imprisonment, and deprivation of property that occurred in conjunction with his traffic stop and arrest. Therefore, to prevail, Charles must show either that the police officer who arrested him was acting according to the City's official policy or that the police officer possessed decisionmaking or policymaking authority for the City. Charles has done neither. In neither his complaint nor his response to the City's motion for summary judgment does Charles indicate that the actions of the police officer were pursuant to official City policy or custom. Moreover, if the actions of the police officer were truly as Charles alleges, excessive force, false imprisonment, and deprivation of property certainly are not official policy or custom of the City,

and nothing before the court indicates as such. Charles also does not allege that the police officer in question holds any policymaking authority for the City, and again, the court finds no evidence that a police patrolman for the City would have any such authority. Finally, as indicated above, the City cannot be held vicariously liable for employing an officer who allegedly committed a personal tort. Therefore, because Charles has failed to show that the City can in any way be held liable under section 1983 for the alleged actions of one of its police officers against him, all claims against the City must be dismissed.

### III. CONCLUSION

Based on the foregoing analysis, the defendant's motion for summary judgment (Record Document 22) is **GRANTED**.

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 4th day of March, 2008.

JUDGE TOM STAGG